**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DAVONN JOHNSON,<br>          Plaintiff, | No. 3:25-cv-1394 (SRU) |
| v. | |
| COMMISSIONER QUIROS, *et al.*,<br>          Defendants. | |

## <u>INITIAL REVIEW ORDER</u>

On December 9, 2025, I reviewed Plaintiff Davonn Johnson's ("Johnson's")

complaint.[1]  Doc. No. 17.  After initial review, I dismissed Johnson's complaint but allowed him

an opportunity to amend his complaint to correct the identified deficiencies.  *Id.*  Johnson did so

on March 9, 2026, and in his Amended Complaint he alleges claims against Defendant Nurse

Gigi based on his allegations of inadequate medical treatment.  *See generally* Doc. No. 20.

For the following reasons, Johnson may pursue his Fourteenth Amendment deliberate

indifference claim against Nurse Gigi in her individual capacity.  All other claims are **dismissed,**

and all other defendants are **terminated**.

### I.      FACTUAL BACKGROUND

Below is a summary of the basic factual allegations in Johnson's complaint.  For

purposes of this review, Johnson's allegations are taken as true.

On February 6, 2025, while a pre-trial detainee at the Bridgeport Correctional Institution

("Bridgeport CI"), Johnson awoke with swelling in his tongue, neck, and jaw.  Am. Compl.,

---

[1] Johnson is currently in Connecticut Department of Correction ("DOC") custody at the Cheshire Correctional Institution ("Cheshire CI"). *See* Conn. Dep't of Corr., Inmate Locator ("DOC Inmate locator"), https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=323059 (last accessed Apr. 10, 2026).  I take judicial notice of that public record.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, 2023 WL 1818545, at *2 n.1 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

Doc. No. 20 ¶¶ 1, 7.  Johnson went to medical a few hours later, where he was seen by Defendant Nurse Gigi.  *Id.* ¶¶ 12, 17.  Nurse Gigi gave Johnson Ibuprofen, despite Johnson believing that Ibuprofen was not the proper treatment for what he thought at the time may be an allergic reaction to pepper spray.  *Id.* ¶¶ 17-23.  Nurse Gigi told Johnson, "[d]on't tell me how to do my job," and that there was nothing she could do for him because no doctor was on duty and medical was short staffed.  *Id.* ¶¶ 24, 27, 29-32.  Johnson left and went back to his housing unit. *Id.* ¶ 25.  However, Johnson's condition quickly worsened and he went back to medical the next day.  *Id.* ¶¶ 34, 52.  He then saw a doctor at medical who transferred him to the hospital for "Ludwig's Angina," where he was treated for that infection and for MRSA.  *Id.* ¶¶ 53-56.  At least three doctors at the hospital told Johnson he should have been brought to the hospital earlier.  *Id.* ¶ 57.  As relief, Plaintiff seeks monetary damages.  *Id.* ¶ 92(A)-(C).

## II.     STANDARD OF REVIEW

Under section 1915A of Title 28 of the United States Code, I must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  I then must "dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  Dismissal under this provision may be with or without prejudice. *See Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004).

In reviewing complaints under section 1915A, I must construe them "liberally and interpret[] [them] to raise the strongest arguments that they suggest."  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  A civil complaint must include sufficient

facts to afford defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Further, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Conclusory allegations are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    DISCUSSION

First, to the extent that Johnson alleges a claim against Bridgeport CI, Johnson may not proceed on that claim because state agencies are not persons "within the meaning of section 1983" and are, therefore, not proper defendants. Am. Compl., Doc. No. 20 ¶ 79; *Bhatia v. Conn. Dep't of Children & Families*, 317 F. App'x 51, 52 (2d Cir. 2009).

Second, Johnson's deliberate indifference claim against Nurse Gigi in her individual capacity for damages arises under the Fourteenth Amendment because Nurse Gigi's actions occurred prior to Johnson's sentencing. "To sustain a claim for deliberate indifference to serious medical needs, a plaintiff must satisfy, first, 'an "objective prong" showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process,' and second, a subjective prong 'showing that the [defendants] acted with at least deliberate indifference to the challenged conditions.'" *Sims v. City of New York*, 788 F. App'x 62, 63 (2d Cir. 2019) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)). "[A] detainee . . . can allege either that the defendants knew that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Lara-Grimaldi v. Cnty. of Putnam*, 132 F.4th 614, 632-33 (2d Cir. 2025) (emphasis omitted) (quoting *Charles v. Orange Cnty.*, 925 F.3d 73, 87 (2d Cir. 2019)).

As before, I assume for initial review purposes that Johnson satisfies the objective prong. *See* Doc. No. 17. With respect to the subjective requirement, I will allow Johnson's claim to proceed for further development. Usually, "a misdiagnosis amounting to mere negligence is not enough to prove a constitutional violation without an accompanying showing that [a defendant] acted at least recklessly." *Ibbison v. Quiros*, 2026 WL 765519, at *9 (D. Conn. Mar. 18, 2026). Johnson, however, has pled facts suggesting that any reasonable medical provider would have known that Ibuprofen was inadequate to treat his medical condition. For example, Johnson alleges Nurse Gigi acted at least recklessly in taking "the path of least resistance" and alleges a lay person would have known he needed to receive emergency medical care at the hospital. Am. Compl., Doc. No. 20 ¶¶ 83, 88-91.

I will therefore allow Johnson to proceed on his Fourteenth Amendment deliberate indifference claim against Nurse Gigi in her individual capacity.

## IV.    CONCLUSION

It is hereby ordered that:

**(1)** The Fourteenth Amendment deliberate indifference claim against Nurse Gigi in her individual capacity will proceed for further development of the record.

**(2)** All other claims are dismissed.

**(3)** All other defendants are terminated.

**(4)** Within **twenty-one (21) days** of this Order, the Clerk shall verify the current work addresses of Nurse Gigi, and mail a copy of the Complaint, this Order, and a waiver of service of process request packet to Nurse Gigi in her individual capacity at her confirmed address. On the **thirty-fifth (35th) day** after mailing, the Clerk shall report to the Court on the status of each request. If Nurse Gigi fails to return the

waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and Nurse Gigi shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

**(5)** Nurse Gigi shall file a response to the Complaint, either an answer or motion to dismiss, within **thirty (30) days** from the date the Notice of Lawsuit and Waivers of Service of Summons forms are mailed to her.  If Nurse Gigi chooses to file an answer, Nurse Gigi shall admit or deny the allegations and respond to the cognizable claims recited above.  Nurse Gigi may also include all additional defenses permitted by the Federal Rules.

**(6)** Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the Court.

**(7)** All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

**(8)** If Johnson changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)(2) provides that Johnson MUST notify the Court.  Failure to do so may result in the dismissal of the case.  Johnson must give notice of a new address even if he is incarcerated.  Johnson should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Johnson has more than one pending case, he should indicate all case numbers in the notification of change of address.  Johnson should also notify Defendant or the attorney for Defendant of his new address.

**(9)** Johnson shall utilize the Prisoner E-filing Program when filing documents with the Court.  Johnson is advised that the Program may be used only to file documents with the Court.  Local Court Rule 5(f) provides that discovery requests are not to be filed with the Court.  Therefore, discovery requests must be served on Defendant's attorney by regular mail.

**(10)**    The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy of the Standing Order to the parties.

**(11)**    The Clerk shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the DOC Legal Affairs Unit.

So ordered.

Dated at Bridgeport, Connecticut, this 13th day of April 2026.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
